[No. 77138-3.   En Banc.]
Argued November 15, 2005.    Decided October 12, 2006.

THE STATE OF WASHINGTON, *Respondent*, v. HOWARD HAGAR, *Petitioner*.

*Susan F. Wilk* (of *Washington Appellate Project*), for petitioner.

*Norm Maleng*, *Prosecuting Attorney*, and *Scott A. Peterson*, *Deputy*, for respondent.

¶1 C. JOHNSON, J. — This court is asked to determine if a defendant who pleads guilty pursuant to a plea bargain and who stipulates to "real facts" for sentencing purposes may successfully pursue a *Blakely*[1] challenge. The Court of Appeals affirmed Howard Hagar's conviction, holding he did not make a showing that the plea bargains were divisible from the stipulations, as required by *State v. Turley*, 149 Wn.2d 395, 402, 69 P.3d 338 (2003). Because we find a *Blakely* violation occurred during sentencing, we reverse Hagar's sentence and remand to the trial court for sentencing within the standard range.

## FACTUAL AND PROCEDURAL HISTORY

¶2 On December 16, 2002, Hagar was charged with 4 counts of theft in the second degree and 20 counts of theft in the first degree due to his participation in an embezzlement scheme involving limited real estate transactions with Block 60 Associates, San Telmo Associates, and the Hagar-Obert Partnership. The charges were amended when Hagar agreed to plead guilty to three counts of first degree theft, with each count carrying a standard range of three to nine months and a statutory maximum of 10 years. Hagar

---

[1] *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

stipulated to the facts set forth in the certification for probable cause, the prosecutor's summary, and the facts set forth in an appendix to the agreement. The plea agreement informed Hagar that the State would be seeking an exceptional sentence of 43 months but that the judge would be required to sentence within the standard range unless the judge found substantial and compelling reasons to depart from it. The form also informed Hagar that both he and the State could appeal an exceptional sentence; however, neither party could appeal a sentence within the standard range. On August 1, 2003, the court accepted the plea and sentenced Hagar to a term of 30 months for each count to run concurrently and ordered Hagar to pay restitution in the amount of $494,052. The judge based the exceptional sentence on her finding that the crimes constituted a "major economic offense" because they involved multiple incidents per victim; they involved an actual monetary loss substantially greater than typical for this type of offense; they occurred over a lengthy period of time; and the defendant abused his position of trust, confidence, and fiduciary responsibility to facilitate the commission of the thefts. On August 4, 2003, Hagar timely appealed his sentence to the Court of Appeals.

¶3 Hagar first challenged the constitutionality of the exceptional sentence statutes as facially invalid. The appellate court properly rejected this argument in light of its own ruling in *State v. Harris*, 123 Wn. App. 906, 912, 99 P.3d 902 (2004), *overruled on other grounds by State v. Hughes*, 154 Wn.2d 118, 110 P.3d 192 (2005). Hagar next argued his exceptional sentence was illegal because the underlying facts used to support it were found by a judge, not a jury, and Hagar's stipulations could not be considered a valid waiver of his Sixth Amendment rights to have a jury determine those facts beyond a reasonable doubt. The court also rejected this argument, reasoning that even if there were no valid waiver of his Sixth Amendment rights, Hagar had failed to show his plea agreement was divisible. Because the stipulations were an integral part of the plea

agreement, they could not be challenged apart from the entire agreement itself without a showing of divisibility. Although Hagar did challenge the entire agreement, stating it rested upon a mutual mistake, the court dismissed the claim for not showing the mistake concerned a direct consequence of the plea. The court affirmed Hagar's sentence. *State v. Hagar*, 126 Wn. App. 320, 329, 105 P.3d 65 (2005). This court accepted review of Hagar's appeal. *State v. Hagar*, noted at 154 Wn.2d 1033 (2005).[2]

## ANALYSIS

■■ ¶4 Any fact that increases the penalty for a crime beyond the prescribed statutory maximum, besides the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 476, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Hagar entered into his plea agreement with the understanding that Washington's sentencing scheme permits a trial judge to engage in fact finding, and if the judge finds substantial and compelling reasons, he or she may impose an exceptional sentence beyond the standard range, but not exceeding the maximum allowed by the statute.

¶5 In *Blakely,* the United States Supreme Court clarified its holding in *Apprendi*, stating "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely*, 542 U.S. at 303.

¶6 We have determined *Blakely* applies only to convictions or direct appeals that were not final at the time it was announced, and *Blakely* cannot be applied retroactively on collateral review. *State v. Evans*, 154 Wn.2d 438, 449, 457, 114 P.3d 627 (2005). In addition, this court rejected the argument that the exceptional sentencing procedures are

---

[2] We acknowledge the United States Supreme Court opinion in *Washington v. Recuenco*, ___ U.S. ___, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006) but need not, in this case, address any claim of harmless error, as it has not been raised or argued to us.

facially unconstitutional. *Hughes*, 154 Wn.2d at 156. In *Hughes*, petitioners' exceptional sentences were vacated and remanded for resentencing within the standard range because the sentencing judge had engaged in improper fact finding. Hagar is requesting similar relief under *Hughes*.

¶7 The Court of Appeals affirmed Hagar's sentence, finding his stipulation to the real facts was an integral part of the plea agreement and was not shown to be divisible. However, whether the stipulation is divisible is irrelevant here because Hagar need not challenge his stipulation in order to establish that a *Blakely* violation occurred. *State v. Suleiman*, 158 Wn.2d 280, 143 P.3d 795 (2006). Even assuming Hagar's stipulation is valid, the trial court still engaged in improper *Blakely* fact finding when it found the crimes constituted a "major economic offense."

¶8 Hagar stipulated certain facts but did not stipulate that the crimes constituted a "major economic offense." The trial court imposed an exceptional sentence of 30 months, well outside the standard range of 3 to 9 months, based on its finding that Hagar had committed a major economic offense. Hagar's sentence is in violation of *Blakely* because the exceptional sentence was predicated on an unstipulated fact that was not found by a jury beyond a reasonable doubt.

## CONCLUSION

¶9 Under *Hughes* and *Suleiman*, exceptional sentences violate *Blakely* when they are based on facts not stipulated to by the defendant or found by a jury beyond a reasonable doubt. We reverse Hagar's exceptional sentence and remand for resentencing within the standard range.

ALEXANDER, C.J., and MADSEN, SANDERS, BRIDGE, CHAMBERS, OWENS, FAIRHURST, and J.M. JOHNSON, JJ., concur.