181 P.3d 799 (2008)
In the Matter of the PERSONAL RESTRAINT OF Ronald A. HALL, Petitioner.
No. 75800-0.
Supreme Court of Washington, En Banc.
April 3, 2008.
Rita Joan Griffith, Attorney at Law, Jeffrey Erwin Ellis, Ellis Holmes & Witchley PLLC, Seattle, WA, for Petitioner.
Gerald Allen Horne, John Michael Sheeran, Attorney at Law, Tacoma, WA, for Respondent.
Sheryl Gordon McCloud, Law Offices of Sheryl Gordon McCloud, James Elliot Lobsenz, Carney Badley Spellman, Seattle, WA, for Amicus Curiae on behalf of Washington Association of Criminal Defense Lawyers.
FAIRHURST, J.
¶ 1 Ronald A. Hall was convicted of assault in the first degree. The sentencing court imposed an exceptional sentence of 366 months, based on its own factual findings that the aggravating circumstances of deliberate cruelty and multiple injuries were present. This court granted Hall's personal restraint petition (PRP) because imposition of the exceptional sentence violated Hall's Apprendi/Blakely[1] *800 Sixth Amendment rights. Based on our understanding that the federal constitution prohibited harmless error analysis of Blakely violations,[2] we did not consider whether, in Hall's case, the failure to obtain a jury finding on the aggravating circumstances was harmless.
¶ 2 The United States Supreme Court subsequently explained that under federal law the failure to submit a sentencing factor to the jury is subject to harmless error analysis. Washington v. Recuenco, 548 U.S. 212, 126 S.Ct. 2546, 2553, 165 L.Ed.2d 466 (2006) (hereinafter Recuenco II). The Court then granted certiorari in Washington v. Hall, ___ U.S. ___, 126 S.Ct. 2979, 165 L.Ed.2d 984 (2006), vacated our judgment, and remanded the matter to us for further consideration.
¶ 3 On remand, we hold that regardless of whether harmless error analysis applies to the failure to submit a sentencing factor to a jury under Washington law, the error in this case was not harmless because under the exceptional sentencing provisions applicable to Hall, no procedure existed whereby the jury could have been asked to find the aggravating circumstances.

I. FACTUAL AND PROCEDURAL HISTORY
¶ 4 On January 1, 1996, Hall and Kim Krapf spent the evening at their trailer home with Robert Aaron and April Duckett. After asking Duckett to leave, Krapf started an argument with Hall. Hall responded violently, punching Krapf repeatedly in the face with his fists and, after Krapf fell to the floor, kicking her repeatedly in the face, ribs, back, and buttocks. When Hall told Aaron to get a shovel because Hall was going to bury Krapf, Aaron left and did not return. By the time Hall stopped beating Krapf, she could not see because her eyes were swollen shut. Duckett later returned to the trailer and, after spending 15 to 20 minutes with Hall, took Krapf to the hospital.
¶ 5 Medical examination revealed that Krapf's upper jaw was broken in three places, both eye sockets were fractured, her cheekbone and nose were broken, and she had cracked ribs and a punctured lung. Krapf's facial injuries required extensive reconstructive surgery and resulted in permanent changes in her eyes, vision, and jaw, as well as scarring.
¶ 6 A jury convicted Hall of first degree assault.[3]State v. Hall, noted at 96 Wash. App. 1051, 1999 WL 527739, at *2. Following two direct appeals that resulted in resentencing hearings, Hall was sentenced to an exceptional sentence of 366 months, based on the sentencing court's finding of two aggravating circumstances  deliberate cruelty and multiple injuries. The court explicitly stated the exceptional sentence could be sustained based on either one of the aggravating circumstances. Hall's sentence was affirmed on appeal. State v. Hall, noted at 118 Wash. App. 1041, 2003 WL 22137294.
¶ 7 In August 2004, Hall filed this PRP in this court, alleging that he had been actually prejudiced by a Blakely Sixth Amendment violation through the entry of an exceptional sentence based on aggravating circumstances found by a judge, rather than a jury. We granted Hall's PRP and remanded the matter *801 for resentencing, consistent with our understanding that under federal law Blakely Sixth Amendment violations could not be subject to harmless error analysis. In re Pers. Restraint of Hall, No. 75800-0, Order Terminating Review (Wash.Sup.Ct. Aug. 24, 2004).
¶ 8 The Pierce County Prosecuting Attorney's Office petitioned the United States Supreme Court for writ of certiorari. "During the pendency of [the State's] petition . . . the trial court sentenced Mr. Hall to a term within the standard range," consistent with our order. Suppl. Br. of Pet'r at 5. On June 30, 2006, the United States Supreme Court decided Recuenco II, holding that the failure to submit a sentencing factor to a jury is subject to harmless error analysis. 126 S.Ct. at 2553. In light of Recuenco II, the Court granted certiorari in Washington v. Hall, vacated our judgment, and remanded the matter to us for further consideration. 126 S.Ct. 2979.

II. ISSUE
¶ 9 Was imposition of the exceptional sentence in this case, based on aggravating circumstances found by the trial court rather than the jury, harmless error?[4]

III. ANALYSIS
¶ 10 In order to obtain relief in this PRP, Hall must show by a preponderance of the evidence that he was actually and substantially prejudiced by a violation of his constitutional rights. In re Pers. Restraint of Lord, 152 Wash.2d 182, 188, 94 P.3d 952 (2004). "Washington courts have consistently applied this standard even where . . . a subsequent change in the law has held a particular jury instruction to be unconstitutional and the error impacts the trial's truth-finding function." In re Pers. Restraint of Sims, 118 Wash.App. 471, 477, 73 P.3d 398 (2003) (citing In re Pers. Restraint of Haverty, 101 Wash.2d 498, 503-04, 681 P.2d 835 (1984)).
¶ 11 It is undisputed that imposing an exceptional sentence based on aggravating circumstances found by the trial court, rather than the jury, violated Hall's Sixth and Fourteenth Amendment jury trial right as defined by Apprendi and Blakely. Under federal law, "[f]ailure to submit a sentencing factor to the jury, like failure to submit an element to the jury," is subject to harmless error analysis. Recuenco II, 126 S.Ct. at 2553.
¶ 12 On remand, we consider whether the failure to submit a sentencing factor to the jury could be a harmless error in this case.[5] Hall argues that "[i]t would have violated state law to submit aggravating [circumstances] to the jury to be determined beyond a reasonable doubt at the time of [his] trial" and that therefore the error in this case cannot be harmless. Suppl. Br. of Pet'r at 18. We agree.
¶ 13 The exceptional sentencing provisions in effect when Hall committed his offense directed that the trial court find aggravating circumstances by a preponderance of the evidence. The legislature's explicit assignment of the finding to the trial court precluded assigning the finding to the jury. Its designation of the standard of proof as a preponderance precluded requiring proof beyond a reasonable doubt. Since it would have been procedurally impossible to obtain a constitutionally *802 valid jury finding, the error in this case cannot be deemed harmless.[6]
¶ 14 The Sentencing Reform Act of 1981(SRA), chapter 9.94A RCW, provided an illustrative list of mitigating and aggravating circumstances, "which the court may consider in the exercise of its discretion to impose an exceptional sentence." Former RCW 9.94A.390 (1995), recodified and amended as RCW 9.94A.535. The SRA further provided:
(2) The court may impose a sentence outside the standard sentence range for that offense if it finds . . . that there are substantial and compelling reasons justifying an exceptional sentence.
(3) Whenever a sentence outside the standard range is imposed, the court shall set forth the reasons for its decision in written findings of fact and conclusions of law.
Former RCW 9.94A.120 (1995), recodified and amended as RCW 9.94A.535 (emphasis added). As we have explained, this language "`explicitly direct[ed] the trial court to make the necessary factual findings' to support an exceptional sentence `and d[id] not include any provision allowing a jury to make those determinations during trial, during a separate sentencing phase, or on remand.'"[7]State v. Womac, 160 Wash.2d 643, 662-63, 160 P.3d 40 (2007) (alterations in original) (quoting State v. Hughes, 154 Wash.2d 118, 149, 110 P.3d 192 (2005), overruled in part by Recuenco II, 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466).
¶ 15 The State's assertion that Washington trial practice allows the court to give a special verdict to the jury "with or without statutory authority" fails to address the situation presented here in which the statutes explicitly direct that the trial court itself make the factual finding. Suppl. Br. of Resp't at 19. Moreover, the State attempts to support its assertion with statutes that are merely silent on whether the jury or the court shall make the requisite finding.[8]See, e.g., RCW 69.50.435(1) (silent as to who, court or jury, makes the finding that a controlled substance violation occurred in a public place that doubles maximum sentence); RCW 26.50.110(5) (silent as to who, court or jury, makes finding that previous convictions are present that elevate violation of a protection order to felony). As we stated in Hughes, "[t]his situation is distinct from those where a statute merely is silent or ambiguous on an issue and the court takes the opportunity to imply a necessary procedure." 154 Wash.2d at 151, ¶ 69, 110 P.3d 192.
¶ 16 Furthermore, the exceptional sentencing provisions applicable to Hall provided:
(2) In determining any sentence, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing. . . . Where the defendant disputes material facts, the court must either not consider the fact or grant an evidentiary hearing on the point. The facts shall be deemed *803 proved at the hearing by a preponderance of the evidence.

Former RCW 9.94A.370 (1989), recodified at RCW 9.94A.530(2) (emphasis added). Through this provision, the legislature established the standard of proof to be a preponderance of the evidence for any disputed facts material to sentencing. Given that facts supporting aggravating circumstances are undoubtedly material to sentencing, this provision raises a second procedural impediment to obtaining a constitutionally valid jury finding.
¶ 17 In Recuenco II, the United States Supreme Court acknowledged that the lack of a procedural mechanism for obtaining a jury finding would demonstrate that the associated error was not harmless. "If . . . Washington law does not provide for a procedure by which [the] jury could have made a finding pertaining to [the sentencing factor], that merely suggests that respondent will be able to demonstrate that the Blakely violation in [the] particular case was not harmless." Recuenco II, 126 S.Ct. at 2550 (most emphasis added).
¶ 18 The State argues to no avail that the Court's concern was sufficiency of the evidence. The State understands the Court to have meant that
if because there was no procedure in place the State presented no evidence of the [sentencing factor], then in that particular case the court cannot conclude the error is harmless. However, if the evidence was presented, but the jury was just never given an opportunity to make a finding on this evidence, then the court may conclude the error was harmless beyond a reasonable doubt.
Suppl. Br. of Resp't at 18-19. However, the State's explanation ignores that the express focus of the Court's observation is the very existence of a valid procedure through which a jury could be given an opportunity to make a finding. Where the legislature has directed that the court, not the jury, will make a finding, and has established that the standard of proof shall be a preponderance of the evidence, rather than beyond a reasonable doubt, the quantum of evidence introduced to support the finding is immaterialthe error cannot be harmless.

IV. CONCLUSION
¶ 19 The exceptional sentencing provisions in force at the time of Hall's offense explicitly assigned the trial court to find aggravating circumstances by a preponderance of the evidence. As a result, it was procedurally impossible for the jury to have made a beyond a reasonable doubt finding on the aggravating circumstances in Hall's case. Therefore, we hold that the error in Hall's case cannot be harmless. We remand to the trial court for it to ensure that the record reflects that Hall was properly sentenced to a term within the standard sentencing range.
WE CONCUR: GERRY L. ALEXANDER, Chief Justice, SUSAN OWENS, CHARLES W. JOHNSON, BARBARA A. MADSEN, RICHARD B. SANDERS, TOM CHAMBERS, Justices, and BOBBE J. BRIDGE, Justice Pro Tem.
J.M. JOHNSON, J. (dissenting).
¶ 20 Ronald Hall was sentenced to 30 years in prison for his vicious assault on Ms. Kim Krapf more than 10 years ago. Today, a majority of this court decides, in essence, that Hall should be set free after serving only 11 years for this crime.[1] In light of a later United States Supreme Court decision, the trial court had erred in failing to submit the aggravating factors supporting Hall's exceptional sentence to the jury. The United States Supreme Court remanded the case to us to decide whether this error requires reversal of his sentence. I would uphold that sentence under a harmless error analysis. Accordingly, I dissent.

*804 FACTS AND PROCEDURAL HISTORY
¶ 21 On January 1, 1996, Hall savagely beat Krapf using his fists and feet, as well as a weapon. State v. Hall (Hall I), noted at 96 Wash.App. 1051, 1999 WL 527739, at *1, 1999 Wash.App. LEXIS 1364, at *2 (unpublished). Hall hit and kicked Krapf and threw her to the floor, after which he repeatedly kicked her in the face, ribs, back, and buttocks. Id. at *1, at *2. At one point, Hall ordered a witness "to get a shovel so he could bury Krapf." Id. Later, Hall ordered Krapf to take a shower, which she was unable to do because both of her eyes were swollen shut. Id. Hall finally permitted another witness to take Krapf to get medical treatment. Id. at *1, at *2-3.
¶ 22 A medical examination conducted at a nearby emergency room revealed the severity of Ms. Krapf's injuries: "Krapf's upper jaw was broken in three places and . . . both eye sockets were fractured. Krapf also had a punctured lung, a broken nose, a broken cheek bone, and broken ribs. Further injuries included bruising and lacerations along her neck and down her back to the base of her spine." Id. at *1, at *3.
¶ 23 As a result of his attack on Krapf, Hall was convicted by a jury of assault in the first degree while armed with a deadly weapon. Id. at *1, at *1. The trial court imposed an exceptional sentence of 366 months plus 24 months on the deadly weapon enhancement. Id. at *2, at *5. The trial court based its exceptional sentence on three aggravating factors: (1) deliberate cruelty, (2) multiple injuries, and (3) severity of the injuries. Id. The Court of Appeals affirmed Hall's conviction but vacated his sentence based on an erroneously imposed deadly weapon enhancement and a miscalculated offender score, and remanded for resentencing. State v. Hall (Hall II), noted at 111 Wash.App. 1041, 2002 WL 1012811, at *3, 2002 Wash.App. LEXIS 1063, at *2 (unpublished). At resentencing, the trial court imposed an exceptional sentence of 366 months based on two aggravating factors: deliberate cruelty and multiple injuries. Id. at *1, at *3. Again, the Court of Appeals vacated Hall's sentence and remanded due to an error in the calculation of Hall's offender score. Id. at *1, at * 10. At resentencing, the trial court imposed the same exceptional sentence of 366 months based on the same two aggravating factors. State v. Hall (Hall III), noted at 118 Wash.App. 1041, 2003 WL 22137294, at *1, 2003 Wash. App. LEXIS 2076, at *4 (unpublished). The court stated in its findings that it "`would impose the same sentence if only one of the[se] . . . aggravating circumstances existed.'" Id. at *1, at *5-6 (quoting Clerk's Papers at 27-28). This sentence was affirmed on appeal. Id. at *1, at *13.
¶ 24 Hall next filed three unsuccessful personal restraint petitions (PRP). In re Pers. Restraint of Hall, No. 27794-8-II, Order Dismissing Pet. (Wash.Ct.App. Feb. 14, 2002); In re Pers. Restraint of Hall, No. 30871-1-II, Order Dismissing Pet. (Wash.Ct. App. Jan. 23, 2004); In re Pers. Restraint of Hall, No. 28197-0-II, Order Dismissing Pet. (Wash.Ct.App. Mar. 26, 2004). Thus, the present petition constitutes Hall's fourth collateral attack, and seventh overall attack, on his assault conviction.
¶ 25 The first time the present petition came before this court, we agreed with Hall that his Sixth Amendment rights had been violated, vacated his sentence, and remanded for resentencing within the standard range. In re Pers. Restraint of Hall, No. 75800-0, Order Terminating Review (Wash.Sup.Ct. Aug. 24, 2005). This court's decision to remand was specifically based on the conclusion that Blakely[2] errors could not be deemed harmless. Majority at 800-01; see also State v. Hughes, 154 Wash.2d 118, 110 P.3d 192 (2005), overruled in part by Washington v. Recuenco, 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006). The State subsequently petitioned the United States Supreme Court for a writ of certiorari. On June 30, 2006, the Supreme Court granted certiorari, vacated this court's judgment, and remanded to this court "for further consideration in light of Washington v. Recuenco." Washington v. Hall, ___ U.S. ___, 126 S.Ct. 2979, 165 L.Ed.2d 984 (2006).

*805 ANALYSIS
A. Under Federal Law, the Trial Court's Error May Be Deemed Harmless
¶ 26 In accordance with the instructions of the Supreme Court, I would apply the federal harmless error analysis set forth in Recuenco to the trial court's error in the present case. In light of the trial court's finding that either the deliberate cruelty or multiple injuries factor alone supports Hall's exceptional sentence, I limit my analysis to one of these factors: multiple injuries.
¶ 27 In Recuenco, 126 S.Ct. at 2553, the Supreme Court made clear that failure to submit a sentencing factor to the jury is subject to harmless error analysis. The Court indicated that, for purposes of harmless error analysis, failure to submit a sentencing factor to the jury is to be treated analogously to omission of an element from the jury's instructions. Id. at 2551-53. The Court repeatedly cited to its decision in Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), as the authoritative decision on harmless error analysis of the omission of an element from the jury's instructions. Recuenco, 126 S.Ct. at 2551-53.
¶ 28 In Neder, the test applied by the Court was "whether it appears `beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" 527 U.S. at 15, 119 S.Ct. 1827 (quoting Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). The Court elaborated that "where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless." 527 U.S. at 17, 119 S.Ct. 1827. This court has summarized the Neder approach as follows: "When applied to an element omitted from, or misstated in, a jury instruction, the error is harmless if that element is supported by uncontroverted evidence." State v. Brown, 147 Wash.2d 330, 341, 58 P.3d 889 (2002) (citing Neder, 527 U.S. at 18, 119 S.Ct. 1827). Accordingly, the proper inquiry in the present case is whether the aggravating factor of multiple injuries is supported by uncontroverted evidence.
¶ 29 The uncontroverted evidence introduced at trial established the following facts related to the aggravating factor of multiple injuries: that, as a result of Hall's repeated blows, Krapf suffered from (1) substantial bruising to her back, (2) a broken jaw, (3) fractured eye sockets, (4) a broken cheekbone, (5) a broken nose, (6) cracked ribs, (7) a punctured lung, and (8) bruising and lacerations along her neck and back. Hall I, 1999 WL 527739, at *1, 1999 Wash.App. LEXIS 1364, at *3. In light of this evidence, I would easily conclude, beyond a reasonable doubt, that had the jury been given the opportunity, it would have found that Hall inflicted multiple injuries on Krapf. See State v. Dunaway, 109 Wash.2d 207, 219, 743 P.2d 1237, 749 P.2d 160 (1988) (upholding use of multiple injuries aggravator based on victim having been shot twice); State v. Armstrong, 106 Wash.2d 547, 549-50, 723 P.2d 1111 (1986) (upholding use of multiple injuries aggravator based on victim having been injured twice). Accordingly, the trial court's error in failing to submit the aggravating factor to the jury should be deemed harmless.
B. The Majority Errs in Finding the Trial Court's Error Cannot Be Harmless under State Law
¶ 30 The majority holds that the trial court's error cannot be deemed harmless under state law. Majority at 800. Specifically, the majority concludes that Washington law did not provide a procedure for a jury to make factual findings as to aggravated factors at the time of Hall's trial and, thus, it is impossible to conduct a valid harmless error analysis in his case. Id. at 801-02. I disagree with the majority's conclusion.
¶ 31 Washington law did provide trial courts with authority to submit aggravating factors to juries at the time of Hall's trial. Specifically, this authority arose from RCW 2.28.150 and CrR 6.16(b). RCW 2.28.150 provides that "if the course of proceeding is not specifically pointed out by statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the laws." CrR 6.16(b) provides *806 that "[t]he court may submit to the jury forms for special findings which may be required or authorized by law." All three divisions of the Court of Appeals have concluded that, under this statute and rule, trial courts had authority, prior to the 2005 amendments to the Sentencing Reform Act of 1981(SRA), chapter 9.94A RCW, to submit aggravating factors to juries in order to comply with the constitutional mandate of Blakely. See State v. Doyle, noted at 135 Wash. App. 1030, 2006 WL 3077693, 2006 Wash. App. LEXIS 2399, at *24 (unpublished); State v. Bell, noted at 135 Wash.App. 1006, 2006 WL 2873788, 2006 Wash.App. LEXIS 2153, at *10 (unpublished per curiam); State v. Davis, 133 Wash.App. 415, 428, 138 P.3d 132 (2006), review granted, 159 Wash.2d 1019, 157 P.3d 404 (2007). I agree with these decisions.
¶ 32 Further, I reject the majority's conclusion that the version of the SRA in effect at the time of Hall's trial mandated all exceptional sentences be imposed by the trial court, to the exclusion of the jury. Majority at 802. Former RCW 9.94A.120 (1995) merely required the trial court to make written findings if it exercised its authority to impose a sentence outside the standard range. It did not explicitly provide that the trial court, and only the trial court, was permitted to impose such a sentence in all circumstances. To the extent that this court's decisions in State v. Womac, 160 Wash.2d 643, 160 P.3d 40 (2007), and Hughes, 154 Wash.2d 118, 110 P.3d 192, might suggest a contrary interpretation of the former SRA, I believe those cases were wrongly decided. The authority of this State's trial courts to employ an alternative exceptional sentencing procedure, under the plain meaning of RCW 2.28.150 and CrR 6.16(b), was a viable and appropriate option after the Blakely decision.
¶ 33 In sum, I would conclude that the jury in Hall's case could have made the necessary findings; thus, the error in his case can be deemed harmless. Moreover, in light of the overwhelming and uncontroverted evidence as to the multiple injuries inflicted by Hall on Krapf, I would hold that under Washington law, as under federal law, the trial court's failure to submit the multiple injuries aggravating factor to the jury was harmless.

CONCLUSION
¶ 34 Hall committed a heinous crime causing great multiple injuries for which our law prescribes especially substantial punishment. Though the trial court erred in failing to submit the aggravating factors supporting Hall's exceptional sentence to the jury, this error does not require Hall's sentence be vacated. Rather, his sentence should be upheld in light of the fact that the trial court's error was harmless given the severe and multiple injuries. Because the majority holds otherwise, I dissent.
NOTES
[1] In Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

In Blakely v. Washington, 542 U.S. 296, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the Court clarified that "the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."
[2] We articulated that understanding in State v. Hughes, 154 Wash.2d 118, 110 P.3d 192 (2005), overruled in part by Washington v. Recuenco, 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006).
[3] The jury also returned a special verdict finding that Hall committed the assault while armed with a deadly weapon, based on Krapf's statement to police that Hall had "beat her with a rifle, as well as [with] his hands and feet, and that he threatened her and Aaron with a pistol." State v. Hall, noted at 96 Wash.App. 1051, 1999 WL 527739, at *1. Hall's deadly weapon sentence enhancement was stricken on Hall's first appeal. Id. at *6.
[4] Following remand, this court ordered supplemental briefing on the issue presented above. In re Pers. Restraint of Hall, No. 75800-0, Order (Wash.Sup.Ct. Oct. 17, 2006). Hall included several additional issues in his supplemental briefing. "[T]his court will not address an argument 'raised for the first time in a supplemental brief and not made originally by the petitioner or respondent within the petition for review or the response to petition.'" Sorenson v. Pyeatt, 158 Wash.2d 523, 543, 146 P.3d 1172 (2006) (quoting Cummins v. Lewis County, 156 Wash.2d 844, 851, 133 P.3d 458 (2006)); RAP 13.7(b). Consistent with this rule, we decline to address those of Hall's issues that are not properly before us.
[5] "We leave for another day the more general question of whether, under Washington law, failure to submit a sentencing factor to the jury (and by extension failure to obtain a jury finding on aggravating circumstances) is subject to harmless error analysis." State v. Womac, 160 Wash.2d 643, 663 n. 13, 160 P.3d 40 (2007). We need not resolve the issue of whether harmless error analysis applies in these circumstances because "we are convinced the error here was not harmless beyond a reasonable doubt." Id.
[6] This case does not present, and we do not decide, the effect of a procedural inability to obtain a constitutionally valid jury finding when a defendant expressly waived his or her Apprendi/Blakely Sixth Amendment rights, either by "stipulat[ing] to the relevant facts or consent[ing] to judicial factfinding." Blakely, 542 U.S. at 310, 124 S.Ct. 2531.
[7] In State v. Pillatos we confirmed that the recently enacted sentencing provisions, creating a procedure whereby facts supporting aggravating circumstances are proved to a jury beyond a reasonable doubt, Laws of 2005, chapter 68, apply only to "pending criminal matters where trials have not begun or pleas [have] not yet [been] accepted." 159 Wash.2d 459, 470, ¶ 14, 150 P.3d 1130 (2007). Thus these provisions are irrelevant to our analysis of Hall's case.
[8] The State also relies on two decisions from this court that are not analogous to the situation presented herethe explicit assignment of findings to the trial court. Both decisions address the validity of to-convict instructions in which one element is segregated into a special verdict form. See State v. Oster, 147 Wash.2d 141, 52 P.3d 26 (2002) (permitting use of special verdict form in felony violation of a domestic violence no-contact order in order for the jury to find that the defendant had two or more prior convictions); State v. Mills, 154 Wash.2d 1, 109 P.3d 415 (2005) (allowing special verdicts for elements that elevate a base crime from a misdemeanor to a felony).
[1] The majority vacates Hall's sentence and remands to ensure resentencing within the standard range. Majority at ___. Because Hall's offender score is zero, his standard range for first degree assault is 93 to 123 months. State's Resp. to Personal Restraint Pet., App. F (Order of J. & Sentence). Thus, the maximum sentence the trial court may impose on remand from this court is approximately 10 years. Hall has already served over 10 years. Id. (indicating Hall has been confined since his arrest in 1996).
[2] Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).