[No. 10329-3-III.   Division Three.   November 29, 1990.]

THE STATE OF WASHINGTON, *Appellant,* v. GARY E. DANA, *Respondent.*

*Paul Klasen, Prosecuting Attorney,* and *Mary Ann Brady, Deputy,* for appellant.

*John D. Knodell,* for respondent.

THOMPSON, J.—The State appeals the Superior Court's order amending Gary Dana's sentence to allow him to attend welding classes at a community college. We affirm.

In 1987, Mr. Dana was found guilty of extortion in the first degree. He was sentenced to 6 months' confinement, with 30 of those days to be converted to 240 hours of community service at the direction of his probation officer. He appealed; his conviction was affirmed and the case mandated to Grant County on March 1, 1989. The Grant County Superior Court ordered Mr. Dana to begin serving his sentence in the county jail on July 1, 1989.

On September 19, 1989, over the prosecutor's objection, the court entered the following order:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that the Amended Judgment and Sentence entered on April 23, 1987, shall be amended to grant the Defendant leave and direct that he be released on September 25, 1989, at 8:00 a.m., and that he recommence his jail time on December 13, 1989, at 5:00 p.m.
>
> . . . .
>
> If the sheriff's office establishes procedures for Gary Dana to check in and out of the Grant County jail each day classes are held, Gary Dana will continue to serve his jail sentence on partial confinement pursuant to procedures established by the sheriff's department.

The purpose of the amendment was to enable Mr. Dana to make use of a grant paying for a welding course at Big Bend Community College, which he needed to maintain his welding certification.[1]

The State challenges the Superior Court's authority to amend a judgment and sentence so as to order release time

---

[1]The record does not disclose which of the alternatives provided for in the above order was implemented. During oral argument before this court, the prosecutor stated that, because Grant County has no procedures for work release or educational release, the effect of this order was to grant Mr. Dana a furlough.

for educational purposes for a county jail inmate serving a sentence of less than 1 year.

The Sentencing Reform Act of 1981 (SRA) permits modification of sentences only in specific, carefully delineated circumstances. *State v. Shove,* 113 Wn.2d 83, 86, 776 P.2d 132 (1989) (citing D. Boerner, *Sentencing in Washington* § 4.1, at 4–1 n.6 (1985)). RCW 9.94A.150 sets forth certain of those circumstances. That statute reads:

> No person serving a sentence imposed pursuant to this chapter shall leave the confines of the correctional facility or be released prior to the expiration of the sentence except as follows:
>
> . . . .
>
> (3) An offender may leave a correctional facility to an authorized furlough or leave of absence. . . .
>
> . . . .
>
> (5) No more than the final six months of the sentence may be served in partial confinement designed to aid the offender in finding work and reestablishing him or herself in the community;[2]

Former RCW 9.94A.150.

In *Shove,* at 87, the court held that the SRA did not allow for the outright *reduction* of the defendant's sentence. *See also State v. Rogers,* 112 Wn.2d 180, 183, 770 P.2d 180 (1989). *Cf. State v. Cirkovich,* 42 Wn. App. 403, 406, 711 P.2d 374 (1985) (juvenile court does not have authority to modify a juvenile's sentence by reducing it), *review denied,* 106 Wn.2d 1005 (1986). But here, the trial court did not reduce Mr. Dana's sentence. Rather, it modified the terms to allow Mr. Dana a furlough or partial confinement for the period during which he was attending the

---

[2]RCW 9.94A.030(23) defines "partial confinement" as "confinement for no more than one year in a facility or institution operated or utilized under contract by the state or any other unit of government . . . for a substantial portion of each day with the balance of the day spent in the community. Partial confinement includes work release . . .".

"Work release" is defined as "a program of partial confinement available to offenders who are employed or engaged as a student in a regular course of study at school." Former RCW 9.94A.030(33).

welding class. The order falls directly within the provisions of the quoted statute.[3]

However, the State contends that the court's order, after the original appeal was mandated, exceeded its authority. It relies upon *State ex rel. Schock v. Barnett,* 42 Wn.2d 929, 932, 259 P.2d 404 (1953), for the proposition that after an appeal is taken, the trial court loses its jurisdiction over the subject matter and cannot change its judgment entered before the appeal. The following language from that decision appears to support the State's position:

> The entry of judgment and sentence, or its affirmance on appeal, marks the final and complete exercise of the court's jurisdiction. When it occurs, the defendant and, with him, all matters regarding the execution of the sentence are transferred to the executive branch of the government. The power of the court over the defendant is at an end, and the extent and nature of his discipline for the term of his sentence are within the sole province of the executive.

(Citation omitted.) *Schock,* at 933.

In *Schock,* the defendant had been convicted of a felony and sentenced to the penitentiary. He appealed, and the judgment and sentence were affirmed. Following the appeal, the defendant filed a petition asking for probation. The trial court ruled that it had no jurisdiction to consider the petition. The Supreme Court affirmed, holding that the trial court had no inherent power to suspend a sentence and impose probation. It could only act within the terms of the statute which provided that a sentencing court may, "at

---

[3]The State argues the order violates RCW 9.94A.120(9), which provides that a sentence over 30 days in length must be served on consecutive days. The general provisions of the cited statute do not overrule the specific provision of RCW 9.94A.150, which allows furloughs. *Cf. State v. Q.D.,* 102 Wn.2d 19, 685 P.2d 557 (1984) (a general statute is usually subjugated to a specific statute). Nor is RCW 72.66.036, which limits the length of any one furlough to 30 days, applicable. That statute pertains to the grant of furloughs by the Department of Corrections to inmates in state institutions. Reasons exist for limiting the length of furlough time to such inmates that are not present in the instant situation. Inmates in state institutions typically are more serious offenders than those serving time in county jails. Moreover, state institutions generally have in-house educational programs available to inmates, thereby eliminating the need for educational furloughs.

the time of imposing sentence", direct that such sentence be stayed and suspended. *See Schock,* at 931 (citing RCW 9.92.060).

*Schock* was decided long before this State changed its sentencing scheme and enacted the SRA. In contrast to the statutes in effect then, RCW 9.94A.150 of the SRA allows certain modifications of a criminal sentence. Nevertheless, as the State points out, RCW 9.94A.150(3) and (5) do not specify who has the authority to allow furloughs and partial confinements as set forth in those subsections. Under RCW 72.66.012, the secretary of the Department of Corrections has the authority to grant furloughs and work release to residents of state correctional institutions. There exists no corresponding statute governing the grant of furloughs to persons incarcerated in county jails.[4] Analogizing to RCW 72.66.012, the State argues that the person with the authority must be the executive in charge of the jail.

■ The provisions of RCW 9.94A.150 for modifications of sentences imply that authority exists in some entity to order those modifications where appropriate. *Cf. State ex rel. Hunter v. Superior Court,* 34 Wn.2d 214, 218, 208 P.2d 866 (1949) (statutes impliedly authorized fire district commissioners to acquire land by eminent domain for training firemen to carry out the purpose of the fire protection district). But we do not agree with the State that the county executive authority in charge of the jail is that entity. The history of sentencing in this state supports an implication of authority in the sentencing judge rather than in county officials.

Traditionally, the judicial branch has been involved in sentencing in Washington. The SRA places the responsibility on the court to sentence the offender to a set number of months. RCW 9.94A.120. In *State v. Bernhard,* 108 Wn.2d

---

[4]Professor Boerner also notes this apparent oversight by the Legislature, D. Boerner, *Sentencing in Washington* § 10.9, at 10–8 (1985), but he does not analyze how RCW 9.94A.150(3) and (5) are to be implemented in cases in which the sentence is served at the county level.

527, 534–35, 741 P.2d 1 (1987), the Supreme Court held that the sentencing judge, not a correctional official, has the authority under RCW 70.48.400 to select the county facility to which an offender sentenced to less than 1 year's confinement shall be committed.[5] Probation decisions under the prior indeterminate sentencing scheme were made by the trial judge. *See* RCW 9.92.060–.066, made inapplicable to felonies committed after July 1, 1984, by RCW 9.92.900.

On the other hand, we are not aware of any statute which has placed the responsibility for sentencing matters with the county executive authority in charge of the jail. Neither the sheriff nor the jailer has the necessary knowledge of the facts and the law to decide sentencing questions such as furlough and partial confinement. For example, the details of the crime committed by the prisoner and other background data may indicate the prisoner presents an unsatisfactory risk for even a limited release.

The sentencing court has the legal experience, staffing resources, and familiarity with individual cases to decide whether a modification in a sentence is warranted. *I.e.*, it is acquainted with presentence reports, the particulars of the crime charged, and the defendant's background. We therefore hold the authority implied in RCW 9.94A.150(3) and (5) to grant furloughs and order partial confinement resides in the sentencing court. The court properly exercised that authority here.

Affirmed.

MUNSON, C.J., and SHIELDS, J., concur.

---

[5]As in this case, the statute there did not specify the entity in which the authority resided.