77 P.3d 1188 (2003)
118 Wash.App. 518
STATE of Washington, Appellant,
v.
Sally Jean MURRAY, Respondent.
No. 49364-7-I.
Court of Appeals of Washington, Division 1.
September 15, 2003.
*1189 Scott Allen Peterson, Seattle, WA, for Appellant.
Sally Jean Murray (Pro Se), Shoreline, WA.
APPELWICK, J.

ORDER
The respondent, State of Washington, having filed its motion for reconsideration, and the panel having decided to grant the motion by withdrawing the opinion filed April 7, 2003, and replacing it with an amended opinion; now, therefore,
IT IS HEREBY ORDERED that the motion for reconsideration is granted.
IT IS FURTHER ORDERED that the published opinion of this court filed in the above-entitled action on April 7, 2003, be withdrawn.
IT IS FURTHER ORDERED that the amended published opinion be substituted in its place.
FOR THE COURT:
/s/ Appelwick, Justice.
/s/ Becker, Chief Justice.
/s/ Cox, Justice.
This is an appeal from an order authorizing a sentence modification. Sally Jean Murray was sentenced to serve 365 days, with *1190 credit for one day served, in a county work release program, a form of partial confinement. After serving part of her sentence, Murray filed a motion asking the court to permit her to serve the remainder of the sentence in home detention, a different form of partial confinement. The trial court, relying on its inherent authority, granted Murray's motion. The State appeals. Based on State v. Shove, 113 Wash.2d 83, 776 P.2d 132 (1989), we reverse.

FACTS
Sally Jean Murray was an attorney licensed to practice law in Washington State. Murray was charged with seven counts of theft after embezzling $70,063.89 from her clients. Murray and the State entered a plea agreement whereby the State agreed to dismiss two counts of first degree theft and one count of second degree theft in return for Murray's promise to join in the State's sentence recommendation of 12 months' incarceration with 30 days converted to community service. On November 17, 2000, Murray pleaded guilty to four counts of first degree theft. On March 16, 2001, she was sentenced to 365 days in the King County jail, followed by 12 months of community supervision upon her release.[1] The trial court rejected home detention, but authorized Murray to serve her time in a work release facility. The order did not provide for alternative forms of partial confinement, nor did it provide for movement from work release to home detention. On April 30, 2001, Murray requested that her sentence be modified to allow for home detention. The court denied her motion. Murray began serving her sentence on April 30, 2001.
On October 15, 2001, Murray again filed a motion requesting she be allowed to finish her sentence in home detention. Over the State's objection that postjudgment modification of Murray's sentence exceeded the court's authority and breached her plea agreement, the trial court granted Murray's motion, ruling that it had inherent authority to grant electronic home monitoring. On October 16, 2001, the State filed a notice of appeal of the trial court's modification of Murray's sentence and an emergency motion to stay execution of her sentence pending appeal. On October 30, 2001, a court commissioner denied the State's motion for an emergency stay of the trial court's modification of Murray's sentence.[2] The State appeals the trial court's authorization of Murray's sentence modification as exceeding its authority under former RCW 9.94A.150 and as a breach of Murray's plea agreement.

ANALYSIS
I. Standard of Review
Whether a trial court has exceeded its statutory authority under the Sentencing Reform Act of 1981(SRA) is an issue of law, which we review independently. State v. Hale, 94 Wash.App. 46, 54, 971 P.2d 88 (1999).
II. Mootness
Murray argues that because she completed her sentence in December 2001, the court should dismiss the State's appeal as moot. "But this issue is a matter of continuing public interest, `capable of repetition yet easily evading review.'" Hale, 94 Wash.App. at 52, 971 P.2d 88 (quoting State v. Clark, 91 Wash.App. 581, 584, 958 P.2d 1028 (1998)). In order to clarify the sentencing court's authority and to provide future guidance, we address this issue here. Hale, 94 Wash.App. at 52, 971 P.2d 88.
III. Standing
The State has standing to appeal the sentence modification at issue here. Former RCW 9.94A.210(1)[3] states that "[a] sentence within the standard sentence range for the offense shall not be appealed. For purposes of this section, a sentence imposed *1191 on a first-time offender ... shall also be deemed to be within the standard sentence range for the offense and shall not be appealed." However, this appeal is not a challenge to a standard-range sentence. It is a challenge to the modification of a prior standard-range sentence. A sentencing court has discretion in sentencing only where the SRA so authorizes. State v. Shove, 113 Wash.2d 83, 89 n. 3, 776 P.2d 132 (1989). When a trial court exceeds its sentencing authority under the SRA, it commits reversible error. State v. Hale, 94 Wash.App. at 53, 971 P.2d 88. Former RCW 9.94A.210(1) does not prevent the State from appealing a sentence modification that exceeds the trial court's authority or is legally erroneous. State v. DeBello, 92 Wash.App. 723, 725, 964 P.2d 1192 (1998) (citing State v. Bernhard, 108 Wash.2d 527, 530, 741 P.2d 1 (1987), overruled on other grounds by State v. Shove, 113 Wash.2d 83, 88, 776 P.2d 132 (1989)).
IV. Sentence Modification
We are presented with the issue of whether a trial court has authority to modify a sentence. The original sentence did not provide for a change in the form of partial confinement during the sentence. Here, the trial court reasoned at the time of modification that it had the inherent authority to modify Murray's sentence to permit her to serve the last six months of her sentence in home detention in lieu of remaining in work release. Both home detention and work release are forms of partial confinement.
Murray argues that the trial court was authorized to release her from the work release facility in which she was incarcerated to home detention under former RCW 9.94A.150(3) and 150(5). Former RCW 9.94A.150(3) is inapplicable to Murray. It provided that "[a]n offender may leave a correctional facility pursuant to an authorized furlough or leave of absence." Former RCW 9.94A.150(3). Murray's sentence modification was not a furlough.
Former RCW 9.94A.150 allows for postsentence modification in limited circumstances. It provides:
No person serving a sentence imposed pursuant to this chapter and committed to the custody of the department shall leave the confines of the correctional facility or be released prior to the expiration of the sentence except as follows:
....
(6) No more than the final six months of the sentence may be served in partial confinement designed to aid the offender in finding work and reestablishing himself or herself in the community;....
(Emphasis added). "Department" means the department of corrections. RCW 9.94A.030(16).
Two statutory sources, RCW 70.48.400 and former RCW 9.94A.150, establish the parameters of authority to modify a felon's sentence. RCW 70.48.400 provides:
Persons sentenced to felony terms or a combination of terms of more than [365] days of incarceration shall be committed to state institutions under the authority of the [D]epartment of [C]orrections. Persons serving sentences of [365] consecutive days or less may be sentenced to a jail as defined in RCW 70.48.020[[4]]....
Had Murray been sentenced to a term of incarceration of more than 365 days, she would have been committed to a state institution and subject to the authority of the Department of Corrections. Murray was incarcerated in the King County jail because her sentence was 365 days or less. Therefore, RCW 70.48.400 does not subject Murray to the authority of the Department of Corrections.
At the time of Murray's sentencing and the time of her motions to modify her sentence, former RCW 9.94A.150 provided that the exceptions to the rule preventing early release from confinement applied only to defendants committed to the Department of Corrections. Because Murray was not committed to the Department of Corrections, former RCW 9.94A.150(5) is therefore also inapplicable to Murray.
*1192 Nevertheless, Murray asserts that under State v. Dana, 59 Wash.App. 667, 800 P.2d 836 (1990), former RCW 9.94A.150(5) grants the trial court inherent authority to modify sentences. Dana was decided before the Legislature's 1990 amendment to former RCW 9.94A.150 stating that it applied to persons "committed to the custody of the department."[5]Dana is not controlling.[6]
In State v. Shove, 113 Wash.2d 83, 89, 776 P.2d 132 (1989), the court stated that "SRA sentences may be modified only if they meet the requirements of the SRA provisions relating directly to the modification of sentences." Shove, 113 Wash.2d at 88-89, 776 P.2d 132. This pronouncement leaves no room for inherent authority to be exercised by the sentencing court. Shove involved the reduction in the time served in partial confinement. This case involves no reduction in duration of partial confinement, but only a change in the form of partial confinement. Nevertheless, Shove directs courts to look to the SRA for authority to modify the terms of a sentence. The SRA contains no express provision allowing a change in the form of partial confinement where former RCW 9.94A.150 does not apply. Therefore, the trial court lacked the statutory authority to modify Murray's sentence. We find that the trial court abused its discretion in doing so.
Having determined that the trial court has no statutory authority to modify Murray's sentence, we need not address the issue of whether the trial court's sentence modification breached Murray's plea bargain.
Accordingly, we reverse.
BECKER, C.J., and COX, J., concur.
NOTES
[1] Murray received one day's credit for time already served, so her remaining sentence was for 364 days.
[2] This court then granted the State's motion for stay of sentence on January 23, 2002, although Murray had completed her sentence on December 21, 2001.
[3] Former RCW 9.94A.210 (2000) (recodified as RCW 9.94A.585 by Laws 2001, ch. 10, § 6).
[4] "`Jail' means any holding, detention, special detention, or correctional facility as defined in this section." RCW 70.48.020(5).
[5] Session Laws of 1990, ch. III, § 202, § 1406.
[6] Dana was found guilty of extortion and sentenced to six months' confinement. The sentencing court granted him a furlough to attend a welding class, which he needed to maintain his welding certification. Dana, 59 Wash.App. at 668, 800 P.2d 836. The issue in Dana was whether this statute granted sentencing judges, or county executives, the authority to grant furloughs and order partial confinements. Dana, 59 Wash.App. at 671, 800 P.2d 836. The court found no statute that placed the responsibility for sentencing matters with the county executive in charge of the jail. The judicial branch, however, "[t]raditionally ... has been involved in sentencing." Dana, 59 Wash.App. at 671, 800 P.2d 836. The court found that "the authority implied in former RCW 9.94A.150(3) and (5) to grant furloughs and order partial confinement resides in the sentencing court." Dana, 59 Wash.App. at 672, 800 P.2d 836.