[No. 21922-4-III.   Division Three.   January 22, 2009.]

THE STATE OF WASHINGTON, *Respondent*, v. DELONDE NATHANAL PLEASANT, *Appellant*.

James E. Egan (of *James E. Egan, PS*), for appellant.

*Steven M. Lowe, Prosecuting Attorney*, and *Frank W. Jenny II, Deputy*, for respondent.

¶1 SCHULTHEIS, C.J. — This is the second time this case is before us. In an unpublished decision, we previously held

that Delonde Pleasant's exceptional sentence violated *Blakely*[1] but that the error was harmless. The Washington State Supreme Court asks us to reconsider our decision in view of *In re Personal Restraint of Hall*, 163 Wn.2d 346, 181 P.3d 799 (2008), which holds that a sentencing court's failure to submit an aggravating factor to the jury is not harmless error when the exceptional sentencing proceedings in effect at the time of the defendant's offense directed that the trial court, not the jury, find the alleged aggravating circumstances. In view of *Hall*, we conclude that the sentencing error here was not harmless and remand for resentencing.

## FACTS

¶2 On January 16, 2003, Mr. Pleasant entered an *Alford* plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970) to first degree manslaughter for the beating death of his girl friend, San Juanita Montelongo. The plea agreement stated that the "State will ask for an Exceptional Sentence of 3x Top of the Standard Range, Defendant can argue for any sentence." Clerk's Papers at 380. Mr. Pleasant's standard range for first degree manslaughter was 78-102 months.

¶3 After entry of the guilty plea, the State filed a sentencing memorandum alleging certain aggravating factors under former RCW 9.94A.535(2) (2001). On March 21, 2003, the trial court imposed an exceptional sentence of 306 months based on its findings that (1) the crime involved deliberate cruelty, (2) the crime occurred within the sight or hearing of Mr. Pleasant and Ms. Montelongo's child, and (3) Ms. Montelongo's injuries were far greater than needed to cause death.

¶4 After sentencing, the United States Supreme Court decided *Blakely* and Mr. Pleasant appealed his sentence. We held that the exceptional sentence was unconstitutional

---

[1] *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

under *Blakely* but found the error harmless because sufficient evidence supported the trial court's finding that the crime was one of domestic violence that occurred within the sight or sound of Ms. Montelongo's child. *State v. Pleasant*, noted at 139 Wn. App. 1091 (2007).

¶5 Pro se, Mr. Pleasant filed a petition for review in our Supreme Court. On June 4, 2008, the court granted his petition and remanded the case to us for reconsideration in light of *Hall*. *State v. Pleasant*, 163 Wn.2d 1038 (2008).

## ANALYSIS

■■ ¶6 The first issue before us is whether, in view of *Hall*, we erred in previously holding that the trial court's failure to submit an alleged aggravating factor to the jury was harmless error. We review de novo a trial court's sentencing under statutory authority. *State v. Murray*, 118 Wn. App. 518, 521, 77 P.3d 1188 (2003). Issues of statutory interpretation are also reviewed de novo. *State v. Womac*, 160 Wn.2d 643, 649, 160 P.3d 40 (2007); *State v. Berrier*, 143 Wn. App. 547, 178 P.3d 1064 (2008).

■ ¶7 The State concedes that the trial judge's imposition of an exceptional sentence based on an aggravating factor not found by the jury cannot be deemed harmless error in light of *Hall*. In *Hall*, the trial court imposed an exceptional sentence based on the trial court's finding of aggravating factors. The Washington Supreme Court granted Mr. Hall's personal restraint petition based on a *Blakely* violation and remanded for a standard range sentence but did not consider whether the error was harmless, believing that *Blakely* violations were not subject to such analysis. *Hall*, 163 Wn.2d at 350.

¶8 The State petitioned for writ of certiorari. The United States Supreme Court remanded *Hall* to our Supreme

Court in view of its holding in *Recuenco*[2] that the failure to submit a sentencing factor to a jury is subject to harmless error analysis. *Id.* Our Supreme Court ultimately held that the trial court's failure to submit the alleged aggravating factors to the jury was not harmless error. It explained:

> The exceptional sentencing provisions in effect [at the time of the] offense directed that the trial court find aggravating circumstances by a preponderance of the evidence. The legislature's explicit assignment of the finding to the trial court precluded assigning the finding to the jury. Its designation of the standard of proof as a preponderance precluded requiring proof beyond a reasonable doubt. Since it would have been procedurally impossible to obtain a constitutionally valid jury finding, the error in this case cannot be deemed harmless.

*Id.* at 351-52.

¶9 Our facts are substantially similar. Here, as in *Hall*, at the time Mr. Pleasant was sentenced, the Sentencing Reform Act of 1981, chapter 9.94A RCW, required the judge, not the jury, to find the existence of an aggravating factor, according to the preponderance of the evidence standard of proof. Former RCW 9.94A.530(2) (LAWS OF 2001, ch. 10, § 6); former RCW 9.94A.535(2). Therefore, as the State concedes, the *Blakely* error in this case cannot be deemed harmless.

¶10 The point of contention in this case concerns the proper remedy for this error. The State proposes two options: either remand for resentencing under RCW 9.94A-.537(2), which allows a sentencing court in cases where an exceptional sentence was imposed and a new sentencing hearing is required, to empanel a jury to find any alleged aggravating factors, or remand for resentencing without determining the applicability of RCW 9.94A.537(2).

¶11 Mr. Pleasant argues that empaneling a jury on remand is improper because the State failed to provide the required notice of aggravating factors under RCW

---

[2] *Washington v. Recuenco*, 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006).

9.94A.537(1).[3] Therefore, he asks us to remand for imposition of a standard range sentence.

¶12 At the outset we note that RCW 9.94A.537(1) was effective on April 15, 2005, more than two years after the court sentenced Mr. Pleasant in March 2003. Because this amendment does not apply retroactively, it does not apply to Mr. Pleasant. *State v. Pillatos*, 159 Wn.2d 459, 471, 150 P.3d 1130 (2007); *State v. Davis*, 163 Wn.2d 606, 610, 184 P.3d 639 (2008). Accordingly, we reject Mr. Pleasant's proposal.

■ ¶13 Instead, pursuant to our Supreme Court's precedent, we remand for resentencing without determining the applicability of RCW 9.94A.537. At this point, whether the State will seek an exceptional sentence upon remand is speculative—therefore the applicability of RCW 9.94A.537 is not ripe for our review. *See, e.g., State v. Eggleston*, 164 Wn.2d 61, 187 P.3d 233 (remanding for resentencing without addressing constitutional challenge to RCW 9.94A.537 because issue not ripe), *cert. denied*, 129 S. Ct. 735 (2008); *Pillatos*, 159 Wn.2d at 471 (declining to address due process challenge because RCW 9.94A.537 had not yet been applied to the defendant); *Davis*, 163 Wn.2d at 616 (declining to address the applicability of RCW 9.94A.537).

¶14 We vacate Mr. Pleasant's exceptional sentence and remand for resentencing.

BROWN and KORSMO, JJ., concur.

---

[3] RCW 9.94A.537(1) provides, "At any time prior to trial or entry of the guilty plea if substantial rights of the defendant are not prejudiced, the state may give notice that it is seeking a sentence above the standard sentencing range. The notice shall state the aggravating circumstances upon which the requested sentence will be based."