FILED

MAR 07, 2013

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30005-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DELONDE PLEASANT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J. — This court first held Delonde Pleasant's exceptional sentence

violated *Blakely*[1] but concluded the error was harmless. *State v. Pleasant*, 139 Wn. App.

1091, noted at 2007 WL 2199265, *review granted and remanded*, 163 Wn.2d 1038

(2008) (*Pleasant* I). On reconsideration, this court decided the sentencing error was not

harmless and remanded for a jury to decide the aggravating factors. *State v. Pleasant*,

148 Wn. App. 408, 412, 200 P.3d 722 (2009) (*Pleasant* II). Based on the jury's special

findings, the trial court again imposed an exceptional sentence. Mr. Pleasant now

contends (1) the use of prior testimony violated his Sixth Amendment confrontation

---

[1] *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

rights and (2) prosecutorial misconduct in closing argument. Pro se, Mr. Pleasant contends he should have received a standard range sentence. We affirm.

## FACTS

In January 2003, Mr. Pleasant entered a plea under *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970) to first degree manslaughter for the beating death of his girl friend, San Juanita Montelongo. *Pleasant* II, 148 Wn. App. at 410. The plea agreement stated the "State will ask for an Exceptional Sentence of 3x Top of the Standard Range, Defendant can argue for any sentence." *Id.* Mr. Pleasant's standard range for first degree manslaughter was 78-102 months. After plea entry, the State filed a sentencing memorandum alleging aggravating factors under former RCW 9.94A.535(2) (2001). *Id.* In March 2003, the trial court imposed an exceptional sentence of 306 months based on its findings that (1) the crime involved deliberate cruelty, (2) the crime occurred within the sight or hearing of Mr. Pleasant's and Ms. Montelongo's child, and (3) Ms. Montelongo's injuries were far greater than needed to cause death. *Id.*

After sentencing, the United States Supreme Court decided *Blakely* and Mr. Pleasant appealed his sentence. This court held the exceptional sentence was unconstitutional under *Blakely*, but found the error harmless because sufficient evidence supported the trial court's finding that the crime was one of domestic violence that occurred within the sight or sound of Ms. Montelongo's child. *Id.* at 410-11. Our Supreme Court remanded for us to reconsider our decision in view of *In re Personal*

2

*Restraint of Hall,* 163 Wn.2d 346, 181 P.3d 799 (2008) holding the failure to submit the aggravating factor to the jury was not harmless error. In light of *Hall,* this court concluded the sentencing error was not harmless and remanded for resentencing.

During the resentencing hearing, the court allowed the transcript of two witnesses who were in the home on the evening in question. Randy Pleasant,[2] Mr. Pleasant's then 12-year-old brother, testified that Ms. Montelongo's child, Cincere, was asleep in the bedroom on the night of the incident. Jamar Sims, Mr. Pleasant's cousin, testified that while he was at Mr. Pleasant's and Ms. Montelongo's home, he witnessed the two arguing and told them to tone it down so the kids were not awakened. The court allowed this evidence over a defense objection, reasoning that the witnesses were unavailable and that the purpose of the evidence was the same at the original sentencing hearing and the resentencing hearing.

The jury was instructed that to conclude deliberate cruelty had been sufficiently proven, it had to find that the State proved beyond a reasonable doubt (1) the victim and defendant were family or household members, and (2) that the defendant's conduct during the commission of the offense manifested deliberate cruelty to the victim. Deliberate cruelty was defined as "gratuitous violence or other conduct which inflicts physical, psychological, or emotional pain as an end in itself." CP at 43. During closing,

---

[2] Mr. Pleasant's brother will be referred to by his first name for clarity. No disrespect is intended.

3

the prosecutor argued Mr. Pleasant had the ability to, and did, inflict pain. Without

objection from Mr. Pleasant, the prosecutor added:

> And the victim felt every one of those stomps, every one
> of those kicks, every one of those bites, every one of
> those punches. She was not going to surrender to death
> with her two year-old child there in the next room. That
> was not going to happen. She felt every one of those
> assaults, every one of those bites, kicks, punches, over a
> hundred of them according to the testimony that you've
> heard from Dr. Selove. She felt every one of them and the
> defendant knew he was inflicting every one of them, and
> the whole purpose of doing it was to inflict pain as an end
> in itself.

Report of Proceedings (RP) (Mar. 28, 2011) at 695-96.

The jury found the following aggravating factors: (1) the crime involved

deliberate cruelty, (2) the crime occurred within the sight or hearing of Mr. Pleasant's and

Ms. Montelongo's child, and (3) Ms. Montelongo's injuries were far greater than needed

to cause death. The court imposed an aggravated exceptional sentence of 282 months.

Mr. Pleasant appeals.

## ANALYSIS

### A. Confrontation

The issue is whether Mr. Pleasant's Sixth Amendment confrontation right was

violated by the use of the prior-hearing testimony.

We review alleged confrontation clause violations de novo. *State v. Sanchez-Guillen*, 135 Wn. App. 636, 644, 145 P.3d 406 (2006). The Sixth Amendment provides

4

"[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. In *Crawford v. Washington*, 541 U.S. 36, 59, 68, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), the United States Supreme Court held where a witness is absent, but the State wishes to present his or her prior testimonial statements at trial, it can do so solely when the witness is truly unavailable and the defendant has had a prior opportunity for cross-examination. The primary guarantee of the confrontation clause is the right to effective cross-examination of adverse witnesses. *Davis v. Alaska*, 415 U.S. 308, 315, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974); *State v. Foster*, 135 Wn.2d 441, 456, 957 P.2d 712 (1998).

Similarly, ER 804(b)(1) provides a hearsay rule exception where the declarant is unavailable as a witness and the offered statements are "[t]estimony given as a witness at another hearing of the same or a different proceeding . . . if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." Mr. Pleasant does not dispute Mr. Sims' and Randy's unavailability; he solely contends he did not have a prior opportunity for cross-examination. We disagree.

Here, the resentencing hearing was held pursuant to RCW 9.94A.537(2), providing, "In any case where an exceptional sentence above the standard range was imposed and where a new sentencing hearing is required, the superior court may impanel a jury to consider any alleged aggravating circumstances listed in RCW 9.94A.533(3),

5

that were relied upon by the superior court in imposing the previous sentence, at the new sentencing hearing." While the State was required at the new hearing to prove the aggravating factors beyond a reasonable doubt to the satisfaction of a jury, the issues at the two hearings were identical: The State was limited to proving the aggravating factors that were relied upon by the superior court in imposing the previous sentence.

Mr. Pleasant argues he called the witnesses at the first hearing in an attempt to establish the child was asleep in the house, while the State used the testimony at the second hearing to show the child was present in the house.

In *State v. King*, 113 Wn. App. 243, 292 n.20, 54 P.3d 1218 (2002), the State used the testimony of a witness from the first trial who had passed away before the second. The court held, "At oral argument, King's attorney asserted that [the witness's] testimony [at the first trial] was admitted for the purpose of proving King's involvement in the conspiracy rather than his commission of the . . . robbery. But even assuming this to be so, we do not agree that the purpose for which the testimony was admitted controls its admissibility under ER 804(b)(1)." The court went on to reason, "As long as King was able to challenge the truth of [the witness's] statements by cross-examination, the rules of evidence and the confrontation clause are satisfied." *Id.* In other words, the party's subjective purpose in calling a witness is not controlling.

Here, it could not be shown the child was asleep in the house without also showing the child was present in the house. Nevertheless, even assuming the witnesses were

6

solely called at the first hearing to show the child was asleep in the house, Mr. Pleasant had both the opportunity and motive to challenge the truth of their testimony that the child was present in the house. If Mr. Pleasant had been able to show the child was not even present, he would not have had to worry about whether the child was awake at the time. The party against whom the testimony is offered need solely have "'had a substantially similar interest in asserting [his] side of the issue'" at the first proceeding. *State v. Benn*, 161 Wn.2d 256, 266, 165 P.3d 1232 (2007) (quoting *United States v. DiNapoli*, 8 F.3d 909, 912, (2nd Cir. 1983)). Applying this reasoning, we hold that allowing the testimony at the second sentencing hearing did not violate Mr. Pleasant's confrontation clause.

## B. Closing Argument

The issue is whether Mr. Pleasant was denied a fair trial based on prosecutorial misconduct during closing argument.

Because Mr. Pleasant did not object below to the prosecutor's comments, we will not review the comment unless it is so flagrant and ill intentioned as to cause an enduring and resulting prejudice that could not have been remedied by a curative instruction to the jury. *State v. Smith*, 144 Wn.2d 665, 679, 30 P.3d 1245 (2001). In analyzing prejudice, we look to the context of the total argument, the issues, the evidence, and the instructions. *State v. Warren*, 165 Wn.2d 17, 28, 195 P.3d 940 (2008). In determining whether the

7

misconduct warrants reversal, we consider its prejudicial nature and its cumulative effect. *State v. Suarez-Bravo*, 72 Wn. App. 359, 367, 864 P.2d 426 (1994).

During closing, the prosecutor stated, "And the victim felt every one of those stomps, every one of those kicks, every one of those bites, every one of those punches. She was not going to surrender to death with her two year-old child there in the next room." RP (Mar. 28, 2011) at 695. Mr. Pleasant argues the jury did not have before it an expert opinion as to the point at which Ms. Montelongo became unconscious or an expert opinion as to whether one can feel pain when in an unconscious state. But while feeling pain may not be determinable, the fact she felt pain would be based on the evidence. An argument that she felt pain the whole time or that she continued to fight for her life could be inferred from her massive injuries and the case circumstances. But even assuming the court would have sustained an objection, the error would not be so flagrant and ill-intentioned that a curative instruction would not have been beneficial. Accordingly, Mr. Pleasant cannot establish prosecutorial misconduct based on the heightened standard for failure to object below.

## C. Statement of Additional Grounds for Review

In his pro se statement of additional grounds for review, Mr. Pleasant contends following *Pleasant* II, this court should have remanded with instruction to the trial court to resentence Mr. Pleasant within the standard range. The United States Supreme Court in *Blakely v. Washington*, 542 U.S. 296, 304, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004)

held, "When a judge inflicts punishment that the jury's verdict alone does not allow[,] the judge exceeds his proper authority." (Citations omitted). In other words, *Blakely* held that all factual findings necessary to the imposition of a sentence enhancement (other than the fact of a prior conviction) must be submitted to the jury and proved beyond a reasonable doubt. *Id.* at 301-05. The proper procedure was then left unclear. To clarify, our legislature passed RCW 9.94A.537(2), creating a procedure for trial courts to impanel juries on resentencing to consider aggravating factors listed in RCW 9.94A.535(3). Washington courts acknowledge these 2007 amendments affirmatively changed the prior statute so that *Blakely*'s procedural requirements apply to all cases before the court, not just those where the defendant has not pleaded guilty or been tried. *State v. Elmore*, 154 Wn. App. 885, 906, 228 P.3d 760 (2010). While a gap existed between *Blakely* and the 2007 legislation, this case was not remanded for resentencing until long after RCW 9.94A.517(2) was enacted. Accordingly, it was proper for the trial court to impanel a jury on resentencing to consider aggravating factors.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

No. 30005-6-III
*State v. Pleasant*

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Brown, J.

WE CONCUR:

_____
Korsmo, C.J.

_____
Siddoway, J.

10