IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Postsentence Review of: | ) ) ) | No. 36093-8-III |
| | ) | UNPUBLISHED OPINION |
| KELLI LYNN MILNE | ) ) | |

PENNELL, A.C.J. — The Department of Corrections (DOC) petitions pursuant to RCW 9.94A.585(7) for review of the sentence imposed on Kelli Lynn Milne as a result of her 2017 Asotin County conviction for bail jumping. The DOC contends the trial court erred by ordering Ms. Milne to complete 12 months of community custody in the event she fails to complete or is administratively terminated from the special drug offender sentencing alternative (DOSA) program. We grant the DOC's petition and remand to the superior court to strike the additional term of community custody.

FACTS AND PROCEDURE

On March 5, 2018, Ms. Milne pleaded guilty to one count of bail jumping, a class C felony. The trial court imposed a prison-based DOSA sentence of 19 months' confinement and 19 months' community custody. The court also ordered Ms. Milne to complete an additional 12 months of community custody in the event her DOSA sentence was revoked.

Upon commencement of Ms. Milne's incarceration, DOC personnel reviewed her judgment and sentence and determined that the crime of conviction did not qualify for an additional 12-month community custody term under RCW 9.94A.701. After unsuccessfully attempting to resolve the issue at the trial court level, the DOC timely filed this petition in accordance with RCW 9.94A.585(7) and RAP 16.18. Since Ms. Milne is indigent, we appointed counsel for her as required under RAP 16.18(c).

ANALYSIS

The sole issue before us is whether the trial court exceeded its statutory sentencing authority when it imposed an additional term of community custody in the event Ms. Milne fails to complete her DOSA program.

Our scope of review in a postsentence review petition "shall be limited to errors of law." RCW 9.94A.585(7). Whether a sentencing court exceeded its statutory authority under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, is an issue of law we review de novo. *State v. Murray*, 118 Wn. App. 518, 521, 77 P.3d 1188 (2003). To the extent the issue implicates questions of statutory interpretation, review is also de novo. *State v. Eaton*, 168 Wn.2d 476, 480, 229 P.3d 704 (2010). "The primary goal of statutory construction is to carry out legislative intent. If a statute is plain and

2

unambiguous, its meaning must be primarily derived from the language itself." *Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 807, 16 P.3d 583 (2001) (citation omitted).

The DOC contends the trial court's imposition of additional community custody violates RCW 9.94A.701 because Ms. Milne's underlying crime, bail jumping, does not qualify for additional community custody. The State does not argue that the SRA authorizes an additional term of community custody here. However, the State contends remand is unnecessary because the additional 12-month term is clearly "superfluous" and that the ripeness of this issue is in question since Ms. Milne to date has neither failed to complete nor been terminated from the DOSA program. Response to Petition at 2.

As an initial matter, this issue is properly before this court. RCW 9.94A.585(7) authorizes the DOC to petition for review of a sentence for errors of law, but requires any such petition to be filed no later than ninety days after the DOC has actual knowledge of the terms of the sentence. The State's argument that the alleged sentencing error is not ripe for review is not well taken, as the DOC is prevented by statute from raising this issue at a later date.

RCW 9.94A.662 governs the terms of a prison-based DOSA sentence. It provides in relevant part that such a sentence "shall include . . . [a] term of community custody

3

pursuant to RCW 9.94A.701 to be imposed upon the failure to complete or administrative

termination from the special [DOSA] program." RCW 9.94A.662(1)(e).

RCW 9.94A.701 requires the sentencing court to impose a term of three years of

community custody for certain sex offenses and serious violent offenses, a term of

eighteen months for violent offenses, and a term of one year for crimes against persons as

defined in RCW 9.94A.411(2), certain convictions for unlawful possession of a firearm,

certain drug felony offenses, and felony failure to register. RCW 9.94A.701(1)-(3). The

statute further provides that if an offender is sentenced under a DOSA, then the court

shall impose community custody as provided in RCW 9.94A.660. RCW 9.94A.701(4).

RCW 9.94A.660 sets forth the criteria an offender must meet to be eligible for

a DOSA sentence. It also directs the court to sentence eligible offenders pursuant to

RCW 9.94A.662 (prison-based DOSA) and RCW 9.94A.664 (residential DOSA), both

of which provide that the DOSA must include a term of community custody equal to one-

half the midpoint of the standard sentence range. Although RCW 9.94A.660 authorizes

sentencing courts to impose community custody as part of a DOSA sentence, the statute

contains no language authorizing courts to impose an additional term of community

custody.

4

When these statutes are read together, it is clear that RCW 9.94A.662(1)(e) authorizes a sentencing court to impose an additional term of community custody for failure to complete a prison-based DOSA only where such term of community custody is authorized by RCW 9.94A.701. Ms. Milne's conviction for bail jumping does not qualify for community custody under RCW 9.94A.701. Accordingly, the sentencing court erred by imposing the additional 12 months of community custody in the event Ms. Milne fails to complete her DOSA program.

The State contends that the inclusion of this additional term is clearly superfluous in the face of the plain language of the judgment and sentence, which directs the DOC to require Ms. Milne to serve 19 months in confinement followed by 19 months of community custody. The judgment and sentence contains a section entitled "ADDITIONAL TERM OF COMMUNITY CUSTODY UPON FAILURE TO COMPLETE OR TERMINATION FROM ALTERNATIVE PROGRAM," which provides that "the following term of community custody is ordered and shall be imposed upon the Defendant's failure to complete or Defendant's administrative termination from the [DOSA] program. . . . Defendant shall serve 12 months in community custody." Post Sentence Petition, Ex. 1 at 5. Contrary to the State's argument, the plain language of the judgment and sentence indicates the trial court imposed an additional community custody

term on top of the prison-based DOSA sentence—a term that is authorized in certain circumstances, but not here. The judgment and sentence, as written, orders the DOC to impose this unauthorized additional community custody term in the event Ms. Milne fails to complete her DOSA program, and the DOC may not arbitrarily correct or ignore this erroneous term. *Dress v. Dep't of Corr.*, 168 Wn. App. 319, 325, 279 P.3d 875 (2012).

## CONCLUSION

We remand to the trial court to strike from the judgment and sentence the additional 12-month term of community custody imposed for failure to complete or termination from the DOSA program.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, A.C.J.
Pennell, A.C.J.

WE CONCUR:

_____        _____
Siddoway, J.                    Fearing, J.

6