

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Postsentence Review of: | ) ) ) | No.  36092-0-III |
| LARRY LEROY BROWN, | ) ) ) | **UNPUBLISHED OPINION** |

KORSMO, J. — The Department of Corrections (DOC) petitions pursuant to RCW 9.94A.585(7) for review of the sentence imposed on Larry Leroy Brown as a result of his 2018 Asotin County convictions for second degree burglary, first degree theft, and second degree trafficking in stolen property.  The DOC contends the trial court erred by ordering Mr. Brown to complete 12 additional months of community custody in the event he fails to complete or is administratively terminated from the special drug offender sentencing alternative (DOSA) program.  We grant the DOC's petition and remand to the superior court to strike the additional term of community custody.

## FACTS AND PROCEDURE

On March 5, 2018, Mr. Brown pleaded guilty to one count of second degree burglary, one count of first degree theft, and one count of second degree trafficking in

stolen property. The trial court imposed a prison-based DOSA sentence, imposing concurrent terms for a total of 19 months confinement and 19 months community custody. The court also ordered Mr. Brown to complete an additional 12 months of community custody in the event his DOSA sentence was revoked.

Upon commencement of Mr. Brown's incarceration, DOC personnel reviewed his judgment and sentence and determined that his convictions did not qualify for an additional 12-month community custody term under RCW 9.94A.701. After unsuccessfully attempting to resolve the issue at the trial court level, the DOC timely filed this petition in accordance with RCW 9.94A.585(7) and RAP 16.18. Since Mr. Brown is indigent, we appointed counsel for him. RAP 16.18(c).

ANALYSIS

The sole issue before us is whether the trial court exceeded its statutory sentencing authority when it imposed an additional term of community custody in the event Mr. Brown fails to complete his DOSA program.

Our scope of review in a postsentence review petition "shall be limited to errors of law." RCW 9.94A.585(7). Whether a sentencing court exceeded its statutory authority under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, is an issue of law we review de novo. *State v. Murray*, 118 Wn. App. 518, 521, 77 P.3d 1188 (2003). To

the extent the issue implicates questions of statutory interpretation, review is also de novo. *State v. Eaton*, 168 Wn.2d 476, 480, 229 P.3d 704 (2010). "The primary goal of statutory construction is to carry out legislative intent. If a statute is plain and unambiguous, its meaning must be primarily derived from the language itself." *Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 807, 16 P.3d 583 (2001) (citation omitted).

The DOC contends the trial court's imposition of additional community custody violates RCW 9.94A.701 because Mr. Brown's underlying crimes, second degree burglary, first degree theft, and second degree trafficking in stolen property, do not qualify for additional community custody. The State does not argue that the SRA authorizes an additional term of community custody here. However, the State contends remand is unnecessary where the DOC has "chosen to ignore the plain language of the Judgment and Sentence," and has petitioned for remand for removal of the "superfluous" 12-month community custody term. Response to Petition at 2. The State also contends the ripeness of this issue is in question because to date Mr. Brown has neither failed to complete nor been terminated from the DOSA program. *Id.*

This issue is properly before this court. RCW 9.94A.585(7) authorizes the DOC to petition for review of a sentence for errors of law, but requires any such petition to be filed no later than ninety days after the DOC has actual knowledge of the terms of the

3

sentence. The State's argument that the alleged sentencing error is not ripe for review is not well taken, as the statute prohibits DOC from raising this issue at a later date.

RCW 9.9A.662 governs the terms of a prison-based DOSA sentence. It provides in relevant part that such a sentence "shall include . . . [a] term of community custody pursuant to RCW 9.94A.701 to be imposed upon the failure to complete or administrative termination from the special [DOSA] program." RCW 9.94A.662(1)(e).

This court recently held that RCW 9.94A.662(1)(e) authorizes a sentencing court to impose an additional term of community custody for failure to complete a prison-based DOSA only where such term of community custody is authorized by RCW 9.94A.701. *In re the Matter of the Postsentence Review of Milne*, ___ P.3d ___, 2019 WL 967992 (2019) (originally filed on 1/17/19, but publication ordered on 2/28/19).

RCW 9.94A.701 requires the sentencing court to impose a term of three years of community custody for certain sex offenses and serious violent offenses, a term of eighteen months for violent offenses, and a term of one year for crimes against persons as defined in RCW 9.94A.411(2), certain convictions for unlawful possession of a firearm, certain drug felony offenses, and felony failure to register. RCW 9.94A.701(1)-(3).

Mr. Brown's convictions do not fall within any of the categories eligible for community custody under RCW 9.94A.701(1)-(3). They therefore do not qualify

for an additional term of community custody upon revocation of his DOSA

pursuant to RCW 9.94A.662(1)(e). The court erred by including the additional

community custody term in the judgment and sentence.

The State contends remand is unnecessary because the additional community

custody term is clearly superfluous in the face of the plain language of the judgment and

sentence. The judgment and sentence contains a section entitled "ADDITIONAL TERM

OF COMMUNITY CUSTODY UPON FAILURE TO COMPLETE OR

TERMINATION FROM ALTERNATIVE PROGRAM," which provides that "the

following term of community custody is ordered and shall be imposed upon the

Defendant's failure to complete or Defendant's administrative termination from the

[DOSA] program. . . . Defendant shall serve 12 months in community custody." Post

Sentence Review Petition, Ex. 1 at 6.

Contrary to the State's argument, the plain language of the judgment and sentence

indicates the trial court imposed a conditional community custody term in addition to the

prison-based DOSA sentence—a term that is authorized in certain circumstances, but not

here. The judgment and sentence, as written, orders the DOC to impose this unauthorized

additional community custody term in the event Mr. Brown fails to complete his DOSA

program, and the DOC may not arbitrarily correct or ignore this erroneous term. *Dress v. Dep't of Corr.*, 168 Wn. App. 319, 325, 279 P.3d 875 (2012).

## CONCLUSION

We remand to the trial court to strike from the judgment and sentence the additional 12-month term of community custody imposed for failure to complete or termination from the DOSA program.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Siddoway, J.